UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

LORETTA MURRAY and )
ROGER MURRAY, )
　 )
　　　　Plaintiffs, )
　 )
v. ) No.:　3:20-CV-442-TAV-DCP
　 )
CHANCELLOR FRANK WILLIAMS, )
JUDGE MICHAEL PEMBERTON, )
ATTORNEY MARK FOSTER, )
ROANE BLAIR LLC, )
CHANCELLOR RONALD THURMAN, )
VANDERBILT MORTGAGE AND )
FINANCE COMPANY INC., )
ROANE COUNTY, TENNESSEE, )
DENNIS R. MIRACLE, )
　 )
　　　　Defendants. )

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on the Report and Recommendation ("R&R")

entered by United States Magistrate Judge Debra C. Poplin, on December 11, 2020

[Doc. 7].  In the R&R, Magistrate Judge Poplin grants plaintiffs' application to proceed

*in forma pauperis* [Docs. 2, 5, 6], but she recommends that the complaint be dismissed

with prejudice.  Plaintiffs, appearing pro se, have filed objections to the R&R [Doc. 8],

defendants Mark Foster and Dennis Miracle have filed a response to plaintiffs' objections

[Doc. 9], and plaintiffs have filed a reply [Doc. 10].  Also before the Court is plaintiffs'

motion for summary judgment/default judgment [Doc. 11].  For reasons set forth more

fully below, plaintiffs' objections will be overruled and this case will be **DISMISSED**.

Although plaintiffs' objection was timely, the Court does not necessarily need to review the objection *de novo*. The district court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). "[A]bsent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. § 636(b)(1).

Here, the Court need not conduct a *de novo* review of any portion of the R&R because plaintiffs' objections are frivolous, conclusive, and general. The magistrate judge concluded that dismissal was proper, finding that plaintiffs, who have been barred from filing new litigation without first seeking leave of Court [See Case No. 3:17-CV-318, Docs. 55, 58], did not follow the proper procedures before filing the

2

instant complaint [Doc. 7]. As additional grounds for dismissal, the magistrate judge found that plaintiffs' claims are barred by res judicata [*Id.*].

Plaintiffs object to the R&R by arguing that the Court had no authority to bar them from filing new litigation. Plaintiffs further object that they have never received a proper hearing in any court, and thus the claims have never been decided and are not barred by res judicata. While plaintiffs' arguments are legally frivolous, the Court will briefly address them.

In addressing a court's authority to manage litigants who attempt to abuse the judicial process, the Sixth Circuit has held that:

> [a] district court has "inherent authority" to impose sanctions based on a litigant's bad faith, contemptuous conduct, and conduct that "abuses the judicial process." *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516 (6th Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). A district court also has inherent authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

*Clemons v. Dewine*, No. 19-3033, 2019 U.S. App. LEXIS 13271, at *6 (6th Cir. May 1, 2019). In addressing what might constitute vexatious filing, the Sixth Circuit has ruled as follows:

> [a]s the district court explained, the present action is Mitchell's third lawsuit against Guardian Home Care arising from the 2007 closure of Sun Valley. Mitchell was warned, in his prior federal lawsuit against Guardian Home Care, "that any further attempts to relitigate these same issues may result in sanctions." Under these circumstances, the district court was within its discretion to deem Mitchell a vexatious litigant. *See Feathers*, 141 F.3d at 269; *Filipas*, 835 F.2d at 1146.

3

*Mitchell v. Taylor*, No. 17-5319, 2018 U.S. App. LEXIS 9651, at *4-5 (6th Cir. Apr. 16, 2018).

In this instance, plaintiffs have filed numerous cases in this Court which relate to a Roane County Chancery Court action "with regard to a property dispute involving real property located in Roane County." *Murray v. Miracle*, 457 S.W.3d 399, 400 (Tenn. Ct. App. 2014) (summarizing the background of the property dispute and state court litigation); *see also Murray v. Miracle*, No. 2010-02425-COA-R3-CV, 2011 WL 13165396 (Tenn. Ct. App. Sept. 8, 2011). Some of the cases plaintiffs have filed in this Court, and which were subsequently dismissed, include, but are not limited to, *Loretta Murray and Bobby Murray v. Frank Williams, Michael Pemberton, William Acree, and Mark N. Foster*, No. 3:19-CV-321-TAVDCP (E.D. Tenn. Nov. 12, 2019) [Doc. 14]; *Loretta Murray and Roger Murray v. Frank Williams, Michael Pemberton, Mark Foster, and Dennis R. Miracle*, No. 3:17-CV-318-TAV-DCP (E.D. Tenn. July 31, 2018) [Doc. 50]; and *Loretta Murray et al. v. Frank Williams et al.*, No. 3:15-CV-284-TAV-CCS (E.D. Tenn. April 8, 2016) [Doc. 78] (also involving Plaintiff Roger Murray). Plaintiffs repeated efforts to relitigate the same related issues eventually resulted in this Court entering an Order enjoining plaintiffs from filing any new civil actions in the United States District Court for the Eastern District of Tennessee without following certain rules set forth by in the Order, including first obtaining written certification that the complaint has some legal and factual merit [Case No. 3:17-CV-318, Docs. 55, 58]. Plaintiffs were cautioned that "[f]ailure to comply with or satisfy the

4

terms of this Order is grounds for this Court to deny any motion for leave to file made by plaintiffs." [*Id*.]

Plaintiffs did not comply with the Court's Order [*Id*.] when they filed the instant suit. Accordingly, as plaintiffs were warned, leave to file will be denied and the case will be dismissed with prejudice.

As further grounds for dismissal, Magistrate Judge Poplin points out that the issues raised by plaintiffs have already been litigated in this Court and are barred by res judicata. Plaintiffs contend that they have never had a hearing or trial in this Court and therefore that their claims have not been properly adjudicated. However, the Court has the authority to rule on motions without holding a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Tenn. LR 7.2. Thus, the fact that the Court may have ruled on motions in past cases without conducting a hearing is irrelevant. The cases were considered by the Court and were dismissed, invoking the preclusive effect of res judicata. This serves as another basis for the dismissal of the instant case.

Finally, plaintiffs are cautioned that further attempts to violate this Court's Order enjoining them filing new litigation without first seeking leave of Court may subject plaintiffs to additional sanctions and penalties, as well as the possibility of being found in contempt (civil and/or criminal) of this Court as maybe warranted and appropriate.

The Court has independently reviewed the R&R and agrees with Magistrate Judge Poplin's recommendations, which the Court adopts and incorporates into this ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 7]. Plaintiffs'

complaint [Doc. 1] is **DISMISSED with prejudice**.  Plaintiffs' motion for summary

judgment/default judgment [Doc. 11] is **DENIED as moot**.  The Clerk of the Court is

**DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE